**Thomas ENGLERT d/b/a Northeast Electrical Inspection Agency, Plaintiff,**

**v.**

**CITY OF McKEESPORT and Middle Department Inspection Agency, Defendants.**

Civ. A. No. 83–653.

United States District Court, W.D. Pennsylvania.

June 7, 1983.

James P. Hollihan, Manion, Alder & Cohen, Pittsburgh, Pa., for plaintiff.

John F. Cambest, Conway, Mayer & Cambest, Pittsburgh, Pa., for defendant Middle Dept. Insp. Agency.

Michael J. Boyle, Meyer Unkovic & Scott, Pittsburgh, Pa., for defendant City of McKeesport.

## MEMORANDUM OPINION

WEBER, District Judge.

By this suit, plaintiff attacks an ordinance passed by the City Council of the Defendant McKeesport which gives the exclusive franchise for electrical inspection of buildings within the city's limits to Defendant Middle Department. Plaintiff, a competing electrical inspector, claims that the defendants' actions are in violation of the Sherman Antitrust Act and various provisions of the United States and Pennsylvania Constitutions, and also give rise to claims of unfair competition, business disparagement and slander.

Defendants have moved to dismiss all claims in plaintiff's complaint on various grounds. As to the antitrust claims, both defendants have moved to dismiss for failure to allege the jurisdictional prerequisite of an effect on interstate commerce. Plaintiff subsequently amended its complaint in an attempt to cure any defect.

For the reasons stated below, we conclude that defendants' motions must be granted and the complaint dismissed.

■ In order to invoke the jurisdiction of this court in an antitrust action, the plaintiff must allege facts which if proven would establish a substantial and adverse impact on interstate commerce. *E.g., McLain v. Real Estate Board of New Orleans,* 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980); *Evans v. S.S. Kresge Co.,* 544 F.2d 1184 (3d Cir.1976). The parameters of this jurisdictional requirement have been exhaustively detailed in *Cardio-Medical Associates, Ltd. v. Crozer-Chester Medical Center,* 536 F.Supp. 1065 (E.D.Pa.1982). In essence, to satisfy the jurisdictional prerequisite, plaintiff must allege facts establishing that interstate commerce is adversely affected by the complained of actions.

■ The factual allegations regarding the involvement of interstate commerce are primarily contained in paragraph 9 of plaintiff's amended complaint. Plaintiff has alleged that labor, materials and services in the construction of a building, other than those provided by the electrical inspector, are often provided by out-of-state contractors and suppliers. This allegation will not suffice to confer jurisdiction because the source of other materials and services in the construction of a building is unrelated to the work or identity of the electrical inspector, and no such connection has been alleged. Of similar nature and effect is the allegation that many contractors and owners who pay the electrical inspection fee are not Pennsylvania residents. No adverse effect on this connection to interstate commerce has been alleged and we can conceive of none. Finally, plaintiff has alleged that many buildings within the city are financed by Federal loan programs. This fact alone is insufficient to invoke jurisdiction and no adverse effect on the federal programs has been alleged.

Plaintiff must identify the interstate commerce involved in the action, but this alone will not suffice. Plaintiff must also allege facts which if proven would establish a substantial, adverse impact on that commerce. An oblique or incidental effect is insufficient to sustain jurisdiction. *Mar-Farr Corp. v. Copley Press Inc.,* 64 F.R.D. 456 (D.Ill.1974). Plaintiff has failed to allege such an adverse impact either in the original or the amended complaint, and the antitrust claims will therefore be dismissed.

Although plaintiff should ordinarily be accorded an opportunity to amend the complaint to correct jurisdictional defects, plaintiff here has already made an amendment in response to the motions to dismiss. The amended complaint, as discussed above, is insufficient to satisfy the jurisdictional requirement. Plaintiff has had ample opportunity to properly allege sufficient jurisdictional facts, and has unsuccessfully attempted it. The antitrust claim will therefore be dismissed with prejudice.[1]

1. Defendant City of McKeesport also claims by its motion to dismiss that its actions fall within

Defendants have also moved to dismiss the various claims made under the United States Constitution. Plaintiff has not opposed the motion as to these claims and they may be disposed of briefly. The privileges and immunities clause does not protect the right to engage in a particular business. *Slaughterhouse Cases,* 83 U.S. 36, 21 L.Ed. 394 (1873). This claim will therefore be dismissed. Plaintiff has also failed to state a claim under due process. If the complaint purports to state a substantive due process claim, it must fall because the court may not inquire into the wisdom of economic legislation under these circumstances. Nor does plaintiff state a claim for relief under equal protection principles. Plaintiff has not alleged a suspect classification or fundamental right and under these facts the court may not review the wisdom of the City's classifications. e.g., *City of New Orleans v. Dukes,* 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976).

All remaining claims arise from the laws or the constitution of Pennsylvania. With no federal claim remaining, and the lawsuit being in the initial stages, pendent jurisdiction will not be exercised. Therefore, all remaining state claims will be dismissed.

For the reasons stated above, defendants' motions to dismiss will be granted and the action dismissed.

---

the state action exemption to the antitrust provisions. Because of our disposition of the

plaintiff's claims on other grounds, we do not address this argument.